98 F.3d 1336
 NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Anthony MITCHELL, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Muhammed ABDULLAH, Defendant-Appellant.
 No. 95-5922, 96-5986.
 United States Court of Appeals, Fourth Circuit.
 Submitted Sept. 20, 1996.
Decided Oct. 3, 1996.
 
 David W. O'Brien, MICHAELS, WISHNER & BONNER, P.C., Washington, D.C.; Robert L. Jenkins, Jr., LAW OFFICES OF ROBERT L. JENKINS, JR., Alexandria, Virginia, for Appellants. Helen F. Fahey, United States Attorney, Steven Semeraro, Special Assistant United States Attorney, Alexandria, Virginia, for Appellee.
 E.D.Va.
 AFFIRMED.
 Before NIEMEYER, HAMILTON and MOTZ, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 These cases are consolidated direct appeals from criminal convictions. Defendants were each convicted of possession of a shank while an inmate at Lorton Reformatory in violation of 18 U.S.C. § 13 (1994) (the Assimilated Crimes Act or the Act), assimilating Va.Code Ann. § 53.1-203(4) (Michie 1994), which prohibits prisoners from possessing unauthorized items capable of causing death or bodily injury. We affirm.
 
 
 2
 Both Appellants are inmates at Lorton Reformatory, a District of Columbia correctional facility located in Fairfax County, Virginia. Both were found guilty of possessing sharp instruments known as shanks, which are contraband items at Lorton. The Appellants do not dispute that they possessed the contraband weapons. Appellants allege that the district court erred in denying their joint motion to dismiss their indictments, denying Mitchell's motion for acquittal, and failing to correctly instruct the jury on elements of the crime. Appellants claim that the Virginia statute does not apply to them because the statute makes possession of a shank unlawful only for prisoners in a "state, local or community correctional facility," and they are prisoners of a District of Columbia facility. Va.Code Ann. § 53.1-203(4) (Michie 1994).
 
 
 3
 The district court correctly held that this provision of the Virginia Code was properly assimilated. Assimilation of the provision fulfills the gap-filling function of the Act. No federal statute prohibits Lorton prisoners from possessing shanks. If assimilation of this type of provision were not allowed, then no state law using state-specific language could be assimilated. See United States v. Minger, 976 F.2d 185, 187 (4th Cir.1992). The Ninth Circuit rejected a similar challenge and held that the Act's purpose is to provide similar protections to those inside a federal enclave that a state's law would give to those within the state. United States v. Kiliz, 694 F.2d 628, 630 (9th Cir.1982).
 
 
 4
 The Appellants also argue that the Virginia statute cannot be assimilated because it is not a state statute of general application because it applies only to prisoners of a state, local or community correctional facility. However, adding jurisdictional language to a state statute does not render it inapplicable. See Minger, 976 F.2d at 189. Although it is clear that Virginia did not intend to pass a law to apply to Lorton, the issue is whether the law serves the purposes of the Act. As discussed above, the Virginia law fulfills the Act's purpose.
 
 
 5
 Finding no merit in the Appellants' arguments, we affirm their convictions. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.
 
 AFFIRMED